UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT DEWEY JOHNSON,<br><br>Defendant. | CASE NO. CR13-166 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1) |

The above-entitled Court, having received and reviewed:

1. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 30),

2. Government's Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 34),

3. Defendant's Reply to Government's Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 35),

1      4. Defendant's Supplement in Further Support of Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1) (Dkt. No. 37),

    5. Government's Supplemental Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1) (Dkt. No. 40)

all attached declarations and exhibits, two Memoranda and Reports prepared by the U.S. Probation and Pretrial Services (Dkt. Nos. 32 & 38), and relevant portions of the record, hereby GRANTS the Motion as follows:

Defendant pleaded guilty to aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153, 2241(a)(1), and 2246(2)(6). On November 8, 2013, the Court sentenced Defendant to a 120-month term of custody to be followed by a 5-year term of supervised release with a number of conditions. Defendant is currently incarcerated at the United States Penitentiary Lewisburg and is scheduled to be released from custody on August 7, 2021.

While a judgment of conviction in a criminal matter constitutes a final judgment, it may be modified in certain circumstances. Dillon v. United States, 560 U.S. 817, 825 (2010). Relevant to this matter, a court may modify a term of imprisonment pursuant to 18 U.S.C. § 3582(C)(1) if three conditions are met:

(1) The inmate must have exhausted administrative review of the failure of the Bureau of Prisons to motion to reduce on its own initiative, or waited until a lapse of 30 days after the request was made to the warden of his or her facility (whichever is earlier);

(2) The inmate has presented extraordinary and compelling reasons for the reduction; and

(3) The reduction must be consistent with the Sentencing Commission's policy statement found at USSG § 1B1.13.

1  18 U.S.C § 3582(c)(1)(A). To meet the Sentencing Commission's policy statement, the

2  defendant is required to present "extraordinary and compelling" circumstances, defined as

3  "suffering from a terminal illness," "a serious physical or medical condition," or "experiencing

4  deteriorating physical or mental health because of the aging process;" <u>or</u> prove that he is at least

5  65 years old, "experiencing a serious deterioration in physical or mental health because of the

6  aging process," and has served 10 years or three-quarters of his or her sentence.  USSG § 1B1.13

7  cmt. n.1.

8        Defendant's Motion satisfies all three elements of 18 U.S.C. § 3582(c)(1).

9        First, the parties agree that Defendant has exhausted the administrative review process.

10       Second, Defendant presents extraordinary and compelling circumstances justifying his

11 release. Defendant suffers from Type 2 diabetes mellitus, chronic hepatitis C, pancreatitis, and

12 gastroesophageal reflux disease (GERD). The Center for Disease Control has identified as Type

13 2 diabetes as the "strongest and most consistent evidence" to increase the risk of severe illness or

14 death from COVID-19. The Government agrees that Defendant's diabetic condition increases the

15 risk of serious illness in light of COVID-19 and Defendant's reduced ability for self-care in the

16 penitentiary. (Dkt. No. 34 at 7). Defendant's Type-2 diabetes and other health conditions coupled

17 with his inability to practice social distancing justify the determination that extraordinary and

18 compelling circumstances exist in this case.

19       Third, release of Defendant is consistent with the U.S. Sentencing Guidelines. The Court

20 may reduce Defendant's sentence if it finds that "the defendant is not a danger to the safety of

21 any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13.

22 The Government argues that Defendant's proposed release to House of Mercy in Bellingham

23 fails to ensure the safety of the underlying victim of Defendant's criminal acts and the Lummi

24

Nation. The Court acknowledges these concerns, but finds that the additional restrictions proposed by the U.S. Probation and Pretrial Services and incorporated into this Order are designed to allay these concerns and protect the safety of the victim and Lummi Nation.

Accordingly, the Court ORDERS:

(1) Defendant's term of imprisonment shall be reduced to time served and he shall be released 14 days from the date of this Order to accommodate a quarantine period with the Federal Bureau of Prisons. If Defendant tests COVID-19 positive at any time during this quarantine period, BOP will notify the government who will immediately notify the Court so the Order can be modified appropriately. If more than fourteen days are needed to make appropriate travel arrangements to the residence identified in this Order and ensure the Defendant's safe release, the parties shall immediately notify the Court and show cause why any additional time to release is necessary;

(2) Defendant shall be released to reside at the House of Mercy in Bellingham, Washington;

(3) Supervised release shall commence immediately upon Defendant's release from custody, during which time Defendant shall be subject to the mandatory, standard, and special conditions of supervision set forth in the Judgment (Dkt. No. 28), as well as the other conditions set forth in this Order;

(4) Defendant shall not be permitted to enter the Lummi Nation Reservation;

(5) Defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology for a period of 90 days. Defendant is restricted to his residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. Defendant

shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist;

(6) Defendant shall abide by all federal, state, and local directives regarding the COVID-19 pandemic; and

(7) Defendant shall be required to submit to periodic polygraph testing at the discretion of the probation office as a means to ensure that he is in compliance with the requirements of his or her supervision or treatment program. Polygraph testing may not exceed six tests per year.

The clerk is ordered to provide copies of this Order to Defendant, USMO, and all counsel.

Dated October 2, 2020.

Marsha J. Pechman
United States District Judge