UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR13-166 MJP |
| Plaintiff, | ORDER ON MOTION FOR MODIFICATION OF TERMS OF SUPERVISED RELEASE |
| v. | |
| ROBERT DEWEY JOHNSON, | |
| Defendant. | |

This matter comes before the Court on Defendant Robert D. Johnson's Motion for Modification of Terms of Supervised Release. (Dkt. No. 43). Having reviewed the Motion and supporting materials (Dkt. Nos. 43 and 44), the Government's Response (Dkt. No. 45), and all supporting materials, the Court GRANTS in part the Motion.

**BACKGROUND**

The Court recently granted Johnson's request for compassionate release, which reduced Johnson's term of imprisonment to time served. (Dkt. No. 41.) The Court set various conditions of supervised release, which included a requirement that Johnson not be permitted to enter the

1   Lummi Nation Reservation. (Dkt. No. 41 at 4.) Johnson now challenges that term as constituting

2   a violation of his First Amendment rights and the Religious Freedom Restoration Act (RFRA).

3   (Dkt. No. 43.) He requests a modification that would allow him "access to the Lummi Nation,

4   with permission from his probation officer and relevant Lummi officials, for religious

5   ceremonies, medical visits, participation in any harvest rights he may have, and family visits

6   with his mother." (Dkt. No. 43-2.) The Government "does not oppose a more limited

7   modification" that would restrict the "permissible purposes for which Johnson can travel onto the

8   reservation and require[] Johnson to give the Lummi Nation Police Department and his federal

9   probation officer reasonable advance notice of the indended purpose, the location where he plans

10  to be and the duration of any planned visit." (Dkt. No. 45 at 1.)

## ANALYSIS

12  The Court agrees with Johnson that modification of the conditions of supervised release

13  is necessary to avoid unduly infringing his First Amendment rights. Johnson belongs to the

14  Seowyn spiritual/religious tradition, which cannot be practiced outside of Lummi Nation lands.

15  (See Dkt. No. 43 at 5; Declaration of Al Johnnie ¶¶ 5-8.) The Court's order excluding Johnson

16  from Lummi Nation lands substantially burdens his ability to exercise his religious practices. See

17  Navajo Nation v. United States Forest Service, 535 F.3d 1058, 1070 (9th Cir. 2008) (en banc)

18  (considering RFRA). And while this decision could be upheld if it is in furtherance of a

19  compelling government interest, Johnson has demonstrated that it is not the least restrictive

20  means. See id. The Court continues to have concerns about the impact that Johnson's presence

21  on Lummi Nation land may have on the victim and witnesses of the underlying criminal acts. In

22  order to balance these competing interests and impose the most limited burden on Johnson's

religious rights, the Court modifies the conditions that barred Johnson from entering the Lummi Nation Reservation as follows:

Johnson may enter the Lummi Nation Reservation for religious ceremonies and practices, his own medical care, exercising any harvesting/fishing rights, and visiting his mother provided that he has given advance notice of at least 48 hours to the Lummi Nation Police Department and his federal probation officer of his intended entry on Lummi Nation lands, the location where he plans to be, and the duration of any planned entry on Lummi Nation lands.

This Order is not intended to and shall not impact, limit, or interfere with any requirements that Johnson must satisfy under the Lummi Nation Tribal Code of Law. The Order is not intended to and shall not impact, limit, or interfere with the Lummi Nation's enforcement of its own laws and rules as to Johnson.

The Court notes that its Order allows Johnson to visit Lummi Nation lands for purposes other than those that appear linked to his religious beliefs. Notably, the order allows Johnson to obtain medical care, visit his mother, and particiate in harvest/fishing rights. The Court finds that these are reasonable bases on which Johnson should be permitted to enter Lummi Nation lands provided that he complies with the advance notice requirements set forth above. Should Johnson's visits on Lummi Nation land for these non-religious reasons become problematic for the victim and/or witnesses of Johnson's underlying crimes, the Court will consider revising the scope of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 29, 2022.

Marsha J. Pechman
United States Senior District Judge